

A CERTIFIED TRUE COPY
Laura A. Briggs, Clerk
U.S. District Court
Southern District of Indiana
By _____
Deputy Clerk

**UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION**

FILED
2:04 pm, Apr 05, 2017
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Laura A. Briggs, Clerk

IN RE: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION                                          MDL No. 2570

## TRANSFER ORDER

    **Before the Panel:** Plaintiffs in the actions listed on Schedule A move under Panel Rule 7.1 to vacate our order conditionally transferring the actions to MDL No. 2570. Defendants Cook Group, Inc., Cook Inc., Cook Medical LLC f/k/a Cook Medical Inc., and William Cook Europe, ApS (together, Cook) oppose the motions to vacate.

    After considering the argument of counsel, we find these actions involve common questions of fact with the actions transferred to MDL No. 2570, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Plaintiffs do not dispute that these actions share questions of fact with MDL No. 2570. Like many of the already-centralized actions, the action involves factual questions arising from allegations that defects in the design of Cook's inferior vena cava filters makes them more likely to fracture, migrate, tilt, or perforate the vena cava, causing injury. *See In re: Cook Med., Inc., IVC Filters Marketing, Sales Practices & Prods. Liab. Litig.*, 53 F. Supp. 3d 1379 (J.P.M.L. 2014).

    In support of their motions to vacate, plaintiffs urge us to reconsider our precedent holding that the Class Action Fairness Act's (CAFA) prohibition on transfer under 28 U.S.C. § 1407 of an action removed on mass action grounds, absent a request by a majority of the plaintiffs therein,[1] does not constitute an impediment to transfer when other grounds for federal jurisdiction also are asserted. *See In re: Darvocet, Darvon & Propoxyphene Prods. Liab. Litig.*, 939 F. Supp. 2d 1376, 1381 (J.P.M.L. 2013). Both actions now before the Panel were removed on CAFA "mass action" grounds, as well as diversity grounds. We have rejected previous requests to revisit our *In re: Darvocet* decision, and plaintiffs advance no persuasive argument to convince us that we should do so here. *See, e.g., In re: Lipitor (Atorvastatin Calcium) Mktg., Sales Practices & Prods. Liab. Litig. (No. II)*, MDL No. 2502, 2014 WL 10790383, at *1 (J.P.M.L. Jun. 6, 2014) ("We have reviewed our decision in Darvocet and believe that it represents the most reasonable interpretation of the involved statutes.").

    Moreover, the pendency of jurisdictional objections is not, as a general matter, a sufficient reason to delay or deny transfer. We have held that where an action has been removed on mass action and other grounds, the Panel lacks the authority to assess the reasonableness of those other

---

[1] *See* 28 U.S.C. § 1332(d)(11)(C)(i).

-2-

grounds. *See id.* Plaintiffs can present their jurisdictional arguments to the transferee judge.[2] *See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Southern District of Indiana and, with the consent of that court, assigned to the Honorable Richard L. Young for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell         Charles R. Breyer
Lewis A. Kaplan             Ellen Segal Huvelle
R. David Proctor            Catherine D. Perry

---

[2] Under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

**IN RE: COOK MEDICAL, INC., IVC FILTERS**
**MARKETING, SALES PRACTICES AND**
**PRODUCTS LIABILITY LITIGATION**                              MDL No. 2570

## SCHEDULE A

<u>Eastern District of Missouri</u>

COLLINS, ET AL. v. COOK GROUP INCORPORATED, ET AL., C.A. No. 4:16-02140
HALINSKI, ET AL. v. COOK GROUP INCORPORATED, ET AL., C.A. No. 4:16-02141

SD/IN Cause No. 1:17-cv-06065-RLY-TAB
SD/IN Cause No. 1:17-cv-06066-RLY-TAB